Rosa PADILLA, Appellant,

v.

FLYING J, INC., Appellee.

No. 05–02–01299–CV.

Court of Appeals of Texas, Dallas.

Nov. 19, 2003.

Art Brender, Jason CN Smith, Law Offices of Art Brender, Fort Worth, for Appellant.

Douglas R. Hafer, Curnutt & Hafer, L.L.P., Attorneys At Law, Arlington, Robert B. Worley, Jr., San Antonio, TX, Jennifer L. Anderson, New Orleans, LA, for Appellee.

Before Chief Justice THOMAS and Justices WRIGHT and FITZGERALD.

## OPINION

Opinion By Justice WRIGHT.

Rosa Padilla appeals a take-nothing judgment in favor of her former employer,

Flying J, Inc. In three issues, Padilla contends the trial court erred in failing to find that: (1) Flying J was liable for assault as a matter of law; (2) she suffered a tangible employment action; and (3) she was a prevailing party under the Texas Commission on Human Rights Act. We affirm.

## BACKGROUND

Flying J is a travel plaza that offers food, showers, and vehicle maintenance to truck drivers. Padilla began working at Flying J in 1997 in the maintenance department. Her duties included cleaning toilets and showers. Kenneth Beaumont was the manager of the maintenance department. Craig Copeland was the general manager of the plaza.

Padilla complained to Copeland that Beaumont had sexually harassed her. She said the incident occurred at a gas station off of Flying J's premises. Copeland obtained her written statement. Copeland met with Beaumont who denied the allegations. Copeland informed Beaumont that if the allegations were confirmed, he would be terminated.

A few weeks later, Steve Parker, manager of Flying J's restaurant, told Copeland that Padilla approached him about being transferred to the restaurant. Copeland said that he would approve the transfer if Beaumont agreed to it. Beaumont had no objection. Copeland confirmed with Padilla that she did indeed want to be transferred.

Padilla began work at the restaurant as a dishwasher. Although Padilla testified that she felt it was a demotion, it was a lateral transfer with no change in pay. Padilla received positive evaluations and was promoted to buffet cook.

Padilla sued Beaumont and Flying J claiming sexual harassment. Beaumont was never served with process. Following a bench trial, the trial court rendered a take-nothing judgment in favor of Flying J. The trial court entered findings of fact and conclusions of law. This appeal timely followed.

## Standard of Review

■■ Findings of fact in a case tried to the court have the same force and effect as jury findings. *See Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158 (Tex. App.-Dallas 1992, writ denied). We review a trial court's fact findings by the same standards we use to review the sufficiency of the evidence to support a jury's findings. *See Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex.App.-Houston [14th Dist.] 1990, no writ).

■■ When we review the findings for legal sufficiency, we consider only the evidence and inferences tending to support the finding and disregard all the evidence and inferences to the contrary. *See Burroughs Wellcome Co. v. Crye*, 907 S.W.2d 497, 499 (Tex.1995). We uphold the finding if it is supported by more than a scintilla of evidence. *Id.* When reviewing findings of fact for factual sufficiency, we consider and weigh all of the evidence and set aside the finding only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See Cain v. Bain*, 709 S.W.2d 175, 176 (Tex.1986) (per curiam).

■■ We review challenges to a trial court's conclusions of law as a matter of law. *Boyd v. Diversified Fin. Sys.*, 1 S.W.3d 888, 890 (Tex.App.-Dallas 1999, no pet.). When a party challenges conclusions of law on appeal, we independently evaluate those conclusions with limited deference to the trial court's application of the law to the facts. *Id.* at 890–91. The trial court abuses its discretion when it fails to apply the law correctly. *Id.* at 891.

## Corporate Liability for Vice Principal

■ In her first issue, Padilla asserts the trial court erred in failing to conclude that Flying J was liable for the alleged assault by Beaumont as a matter of law. Padilla contends Flying J is liable because Beaumont was its undisputed vice principal. Her contention is without merit for several reasons.

First, Padilla did not plead the vice principal theory of liability and, therefore, it is waived. *See Direkly v. ARA Devcon, Inc.,* 866 S.W.2d 652, 655 (Tex.App.-Houston [1st Dist.] 1993, writ dism'd w.o.j.). Second, the trial court made no finding that Beaumont was a vice principal of Flying J. Padilla requested the trial court to make an additional finding that Beaumont was Flying J's vice principal. The trial court declined to do so.

■ Finally, whether Beaumont was Flying J's vice principal is irrelevant because the vice principal theory comes into play only after there is an intentional tort finding. Here, the trial court never made a finding that Beaumont assaulted her. Padilla argues that a docket entry constitutes such a finding. We disagree. The docket entry on which she relies states:

court finds for Padilla against Beaumont for sexual harassment/ & assault, damages of $50,000; court finds for Flying J(1) it exercised reasonable diligence to prevent & correct harassing behavior & plaintiff failed to take advantage or avoid harm otherwise; (2) transfer (a) was not retaliatory (b) was not adverse action; and (c) no damages; (3) actions of other employees were not harassment.

An entry on a docket sheet may not be used as a substitute for findings of fact. *See Roever v. Roever,* 824 S.W.2d 674, 676 (Tex.App.-Dallas 1992, no pet.). Subsequent to this entry, the trial court issued its findings of fact and conclusions of law. The trial court incorporated some of the docket entry's notations into its findings and conclusions. It did not, however, incorporate the docket entry of sexual harassment into its findings.

After the trial court entered its findings of fact and conclusions of law, Padilla timely requested additional findings and conclusions. *See* TEX.R. CIV. P. 298. In her request, she states that the trial court "omitted findings and conclusions on several material elements." She then requested that the court find that Beaumont assaulted her. The trial court declined to do so.

Moreover, a review of the trial court's conclusions of law emphasize the absence of an assault finding. In one conclusion of law, the trial court states, "Even if Mr. Beaumont had assaulted Plaintiff, Flying J would not be responsible for Mr. Beaumont's conduct." Had the trial court found that Beaumont assaulted Padilla, it would not have made this assumption in this conclusion of law.

Thus, even assuming Beaumont was a vice principal of Flying J, there is no intentional tort for which Flying J could be held vicariously liable. Without an underlying intentional tort, the vice principal theory does not come into play. We overrule Padilla's final issue.

## Sexual Harassment

■ The legislature enacted the Texas Commission on Human Rights Act to correlate state law with federal law in the area of employment discrimination. *See* TEX. LAB.CODE ANN. § 21.051 (Vernon 1996); *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485 (Tex.1991). TCHRA prohibits an employer from discriminating against an individual with respect to compensation, or the terms, conditions, or privileges of employment because

of race, color, disability, religion, sex, and national origin. TEX. LAB.CODE ANN. § 21.051 (Vernon 1996); *Williams v. Vought,* 68 S.W.3d 102, 107 (Tex.App.-Dallas 2001, no pet.). To establish a claim for sexual harassment, a plaintiff must prove (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment was based on sex; and (4) the harassment affected a term, condition, or privilege of her employment. *Gulf States Toyota, Inc. v. Morgan,* 89 S.W.3d 766, 770 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

 An employer may be vicariously liable for the harassment of a supervisor if the supervisor takes a tangible employment action against the subordinate. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742, 760, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). A tangible employment action consists of a "significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing significant change in benefits." *Id.* at 761. In most cases, a tangible employment action inflicts direct economic harm. *Id.* at 762.

If no tangible employment action is taken, an employer may raise an affirmative defense to liability. The elements of the affirmative defense are: (1) the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior; and (2) the employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise. *Ellerth,* 524 U.S. at 765, 118 S.Ct. 2257.

Following a bench trial, the trial court issued its findings of fact and conclusions of law. The trial court found that while in the maintenance department, Padilla's job performance and her job conditions were not adversely affected by anything Beaumont allegedly did to her. The trial court found that all parties were aware of Flying J's written policy against sexual harassment and that Copeland promptly and reasonably investigated Padilla's complaint. The trial court also found that Padilla requested the transfer from the maintenance department to the restaurant for reasons unrelated to the alleged sexual harassment and that the transfer was not a demotion or a more onerous position than she had as a maintenance worker.

In its conclusions of law, the trial court concluded that even if Beaumont had committed the alleged harassing acts, such conduct did not constitute sexual harassment because Padilla "plainly testified that her job performance was not affected by anything Beaumont had done to her." The court further concluded that even if Beaumont had sexually harassed Padilla, Flying J would not be liable because it exercised reasonable care to prevent and promptly correct the alleged sexual harassment and Padilla unreasonably failed to take advantage of the remedial measures.

Padilla challenges the trial court's conclusion of law applying the affirmative defense to her sexual harassment claim. She contends the affirmative defense is inapplicable because she suffered a tangible employment action when she was transferred from the maintenance department to the restaurant. Initially, we note that Copeland, not Beaumont, authorized the transfer. Beaumont agreed to the transfer, but he did not have the authority to authorize it. Thus, Beaumont, the alleged harassing supervisor, did not authorize the transfer which is, the alleged tangible employment action.

Parker testified that Padilla asked for the transfer because she said she did not

like working the "graveyard shift." Copeland testified that Parker notified him that Padilla came to him requesting a transfer to the restaurant. In compliance with company policy, Copeland received the approval of both Beaumont and Parker for the transfer. Copeland authorized the transfer only after first confirming with Padilla that she wanted the transfer. Nevertheless, Padilla asserts that she was transferred because of her refusal to submit to Beaumont's unwanted sexual advances. The transfer from maintenance worker to dishwasher at the restaurant was not a demotion. There was no change in Padilla's pay. Soon after the transfer, Padilla was promoted to buffet cook and received a raise. As a result of the transfer, Padilla did not suffer any economic harm, nor did the transfer result in significantly different responsibilities. *See Ellerth,* 524 U.S. at 761–62, 118 S.Ct. 2257. The evidence is both legally and factually sufficient to support the trial court's findings of fact that Padilla did not suffer a tangible employment action. Accordingly, the trial court did not abuse its discretion in concluding that Flying J could raise an affirmative defense to Padilla's sexual harassment claim. We overrule Padilla's second issue.

### Attorney's Fees

In her final issue, Padilla asserts the trial court erred in failing to award her attorney's fees. Specifically, Padilla contends that she is entitled to attorney's fees because she was a prevailing party under TCHRA.

A prevailing party in an action brought under the TCHRA may recover her attorney's fees. Tex. Lab.Code Ann. § 21.259(a) (Vernon 1996). The trial court awarded a take-nothing judgment in favor of Flying J. Padilla did not recover on any of her claims against Flying J. Padilla relies on the docket entry that Beaumont assaulted her to support her claim that she is a prevailing party. We have previously concluded that the docket entry does not constitute a finding of fact by the trial court.[1] Because Padilla was not a prevailing party, she is not entitled to her attorney's fees. We overrule Padilla's third issue.

We affirm the trial court's judgment.

---

1. Alternatively, Padilla asserts that, even if Flying J's affirmative defense bars attorney's fees under TCHRA, she is entitled to declaratory relief. She asks this court to declare that gender was a motivating factor in the harassment she received from Beaumont. *See* Tex. Lab.Code Ann. § 21.125(a) (Vernon 1996). With such a declaration, Padilla could be awarded attorney's fees. *See* Tex. Lab.Code Ann. § 21.125(b) (Vernon 1996). Padilla did not assert a violation of section 21.125(a) in the trial court. Accordingly, she may not now obtain any relief.