ACCEPTED
06-15-00074-cv
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 4:37:24 PM
DEBBIE AUTREY
CLERK

No. 06-15-00074-CV

IN THE
COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS
AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
12/15/2015 4:37:24 PM
DEBBIE AUTREY
Clerk

**DON WADE,**
Appellant

**V.**

**HOUSEHOLD FINANCE CORP. III,**
Appellee

Appealed from the County Court at Law
Of Caldwell County, Texas
Cause No. 5966

**APPELLEE'S BRIEF**

Sarah Robbins TBN 24074966
HUGHES, WATTERS &ASKANASE, L.L.P.
Three Allen Center
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 759-0818
Fax: (713) 759-6834
Attorneys for Appellee,
HOUSEHOLD FINANCE CORP. III

# TABLE OF CONTENTS

TABLE OF CONTENTS......................................................................................................2
IDENTITY OF PARTIES AND COUNSEL .....................................................................4
INDEX OF AUTHORITIES .............................................................................................5
STATEMENT OF THE CASE ..........................................................................................6
STATEMENT ON ORAL ARGUMENT..........................................................................7
REPLY TO ISSUES PRESENTED....................................................................................8
STATEMENT OF FACTS .................................................................................................9
SUMMARY OF THE ARGUMENT................................................................................13
ARGUMENT ...................................................................................................................14
   A.  STANDARD OF REVIEW ....................................................................................14
   B.     REPLY TO ISSUES 1,2, AND 3:THE COUNTY COURT AT LAW HAD
JURISDICTION TO DETERMINE WHICH PARTY HAD THE SUPERIOR RIGHT OF
POSSESSION BECAUSE THE TERMS OF THE DEED OF TRUST PROVIDE AN
INDEPENDENT MEANS TO DETERMINE THE RIGHT OF POSSESSION WITHOUT
CONSIDERING THE PROPRIETY OF THE FORCLOSURE SALE OR WADE'S FRAUD
AND UNJUST ENRICHMENT CLAIMS................................................................15
   C. REPLY TO ISSUE 4: THE COUNTY COURT DID NOT CONSIDER THE AFFIRMATIVE
DEFENSE OF LACHES BECAUSE IT WAS NOT PLEADED IN THE TRIAL COURT AND
THEREFORE MAY NOT BE CONSIDERED NOW................................................18
CONCLUSION AND PRAYER .......................................................................................19
CERTIFICATE OF SERVICE..........................................................................................19

TABLE OF CONTENTS......................................................................................................2

IDENTITY OF PARTIES AND COUNSEL .....................................................................4

INDEX OF AUTHORITIES .............................................................................................5

STATEMENT OF THE CASE ..........................................................................................6

STATEMENT ON ORAL ARGUMENT..........................................................................7

REPLY TO ISSUES PRESENTED....................................................................................8

STATEMENT OF FACTS .................................................................................................9

SUMMARY OF THE ARGUMENT................................................................................13

ARGUMENT ...................................................................................................................14
   A.  STANDARD OF REVIEW ....................................................................................14
   B.     REPLY TO ISSUES 1,2, AND 3:THE COUNTY COURT AT LAW HAD
JURISDICTION TO DETERMINE WHICH PARTY HAD THE SUPERIOR RIGHT OF
POSSESSION BECAUSE THE TERMS OF THE DEED OF TRUST PROVIDE AN
INDEPENDENT MEANS TO DETERMINE THE RIGHT OF POSSESSION WITHOUT
CONSIDERING THE PROPRIETY OF THE FORCLOSURE SALE OR WADE'S FRAUD
AND UNJUST ENRICHMENT CLAIMS................................................................15
   C. REPLY TO ISSUE 4: THE COUNTY COURT DID NOT CONSIDER THE AFFIRMATIVE
DEFENSE OF LACHES BECAUSE IT WAS NOT PLEADED IN THE TRIAL COURT AND
THEREFORE MAY NOT BE CONSIDERED NOW................................................18

**CONCLUSION AND PRAYER** ............................................................................................... 19

**CERTIFICATE OF SERVICE**............................................................................................. 19

# IDENTITY OF PARTIES AND COUNSEL

<u>Appellant</u>
Don Wade
Pro Se
596 Boulder Lane
Dale, Texas 78616
(512) 398-3811
Quana70@reagan.com


<u>Appellee</u>
Household Finance Corp. III

<u>Attorney for Appellee</u>
Sarah Robbins, TBN 24074966
Hughes, Watters &Askanase, L.L.P.
1201 Louisiana, 28th Floor
Houston, Texas 77002
(713) 759-0818 office
(713) 759-6834 fax
ssr@hwa.com

# INDEX OF AUTHORITIES

## Cases

*Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555 (Tex. App.- San Antonio 2001, pet. dism'd w.o.j.) ..................................................................................................................................15

*E.L.M. LeBlanc v. Kyle*, 28 S.W.3d 99 (Tex. App.—Texarkana 2000, pet. denied)...................................14

*First Nat'l Bank v. Zimmerman*, 442 S.W.2d 674 (Tex. 1969).................................................................18

*F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103 (Tex. App.—El Paso 2008, no pet.) .................18

*Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155 (Tex. App.—Dallas, writ denied)...............................14

*Haith v. Drake, 596* S.W.2d 194 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ refd n.r.e.).................15

*Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916 (Tex. App.—Houston [1st Dist.] 1998, no pet.)...................................................................................................................................14

*In re Humphreys*, 880 S.W.2d 402 (Tex. 1994)......................................................................................14

*In re Moers*, 104 S.W.3d 609 (Tex. App.—Houston [1st Dist.] 2003, no pet.)........................................14

*Mortgage Elec. Registration Sys., Inc. v. Knight*, 2006 WL 510338 (Tex. App. - Beaumont Mar. 2, 2006, no pet.)....................................................................................................................................15

*Padilla v. Flying J, Inc.*, 119 S.W.3d 911 (Tex. App.—Dallas 2003, no pet.) .........................................14

*Parks v. Develoopers Sur. & Indem. Co.*, 302 S.W.3d 920 (Tex. App.—Dallas 2010, no pet.)................18

*Posey v. Sw. Bell Yellow Pages, Inc.*, 878 S.W.2d 275 (Tex. App.—Corpus Christi 1994, no writ) .........18

*Rice v. Pinney*, 51 S.W.3d 705 (Tex. App. — Dallas [5th Dist.] 2001)......................................14, 15, 16

*Roger v. Ricane Enterprises, Inc.*, 772 S.W.2d 76 (Tex. 1989).................................................................18

*Scott v. Hewitt*, 127 Tex. 31, 90 S.W.2d 816 (1936)...........................................................................15, 16

*Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789 (Tex. 2002)...........................................................14

*Villalon v. Bank One*, 176 S.W.3d 66 (Tex. App. - Houston [1st Dist] 2004, pet. denied) ......................15

*Zieben v. Platt*, 786 S.W.2d 797 (Tex. App.—Houston [14th Dist.] 1990, no writ).................................14

## Statutes

Tex. Prop. Code §§24.002.........................................................................................................................6

## STATEMENT OF THE CASE

Nature of the case: Appellee sued Wade for forcible detainer after foreclosure, seeking immediate possession of certain real property under Tex. Prop. Code §§24.002, *et seq.* Wade filed an answer, and plea to the jurisdiction. The plea to the jurisdiction was based on challenges to the underlying foreclosure sale presumably raised in a separate proceeding in the District Court.

Course of proceedings: After trial to the court in the County Court at Law on appeal from the justice of the peace, the County Court at Law denied Wade's plea to the jurisdiction and found Wade guilty of forcible detainer.

Trial court disposition: The trial court signed a judgment granting possession of the property to Appellee. Findings of fact and conclusions of law were requested by Wade and filed by the County Court.

## STATEMENT ON ORAL ARGUMENT

The Court should not grant oral argument because the facts and issues presented are simple, and oral argument will not significantly aid the court in deciding the case.

# REPLY TO ISSUES PRESENTED

REPLY TO ISSUES 1, 2, AND 3: THE COUNTY COURT AT LAW CORRECTLY REJECTED WADE'S CLAIMS THAT THE COUNTY COURT AT LAW LACKED JURISDICTION BECAUSE THE TERMS OF THE DEED OF TRUST PROVIDE AN INDEPENDENT MEANS TO DETERMINE THE RIGHT OF POSSESSION WITHOUT CONSIDERING THE PROPRIETY OF THE FORCLOSURE SALE OR WADE'S FRAUD AND UNJUST ENRICHMENT CLAIMS.

REPLY TO ISSUE 4: THE COUNTY COURT DID NOT CONSIDER THE AFFIRMATIVE DEFENSE OF LACHES BECAUSE IT WAS NOT PLEADED IN THE TRIAL COURT AND THEREFORE MAY NOT BE CONSIDERED NOW.

## STATEMENT OF FACTS

Don Wade, defendant in the court below and appellant here (hereinafter "Wade"), resides in Caldwell County, Texas, at 596 Boulder Lane, Dale, Texas 78616 (CR at 80). By Deed of Trust (the "Deed of Trust") bearing the signatures of Don Wade and Shelley Wade and dated March 26, 2005, with power of sale to secure repayment of that certain Promissory Note in the original principal amount of $57,999.72, Wade conveyed in trust for the benefit of the holder and owner of the Note and Deed of Trust the property commonly known as 596 Boulder Lane, Dale, Texas 78616, further described as:

## EXHIBIT A

BEING 90.00 ACRES OF LAND SITUATED IN THE EDWARD BROWN SURVEY IN CALDWELL COUNTY, TEXAS, AND BEING ALSO A PART OF THREE TRACTS DESIGNATED AS THE FIRST, SECOND AND THIRD TRACTS IN A DEED FROM THE J. W. WHITE ESTATE TO EDMUND M. LONGCOPE, ET AL, RECORDED IN VOLUME 364 AT PAGE 34 OF CALDWELL COUNTY DEED RECORDS AND BEING MORE PARTICULARLY DESCRIBED AS FOLLOWS:

BEGINNING AT AN IRON PIN SET ON THE SOUTH LINE OF A 30-FOOT WIDE PUBLIC ROAD, IN THE OCCUPIED NORTHWEST CORNER OF THE ABOVE-MENTIONED FIRST TRACT, FOR THE NORTHWEST CORNER OF THIS TRACT;
THENCE WITH THE SOUTH LINE OF SAID ROAD FOR THE FOLLOWING FIVE (5) COURSES:

(1) SOUTH 87 DEGREES 12 MINUTES EAST 842.16 FEET TO A 28 INCH POST OAK;

(2) SOUTH 89 DEGREES 21 MINUTES EAST 228.45 FEET TO A 14 INCH POST OAK;

(3) SOUTH 88 DEGREES 03 MINUTES EAST 222.94 FEET TO A 16-INCH POST OAK;

(4) SOUTH 88 DEGREES 14 MINUTES EAST 201.71 FEET TO A 22-INCH POST OAK;

(5) SOUTH 88 DEGREES 10 MINUTES EAST 511.44 FEET TO A FENCE CORNER POST FOUND IN THE OCCUPIED NORTHEAST CORNER OF THE SAID FIRST TRACT FOR THE NORTHEAST CORNER OF THIS TRACT;

THENCE SOUTH 01 DEGREE 41 MINUTES WEST WITH THE EAST LINE OF THE SAID FIRST TRACT, 1081.02 FEET TO A 10 INCH POST OAK TREE FOUND FOR AN ANGLE POINT.

THENCE SOUTH 03 DEGREES 06 MINUTES WEST 168.15 FEET TO A FENCE POST FOUND FOR AN ANGLE POINT;

THENCE SOUTH 01 DEGREE 13 MINUTES WEST 465.13 FEET TO A FENCE CORNER POST FOUNT IN THE OCCUPIED SOUTHEAST CORNER OF THE SAID FIRST TRACT, ON THE NORTH LINE OF THE ABOVE-MENTIONED SECOND TRACT, FOR AN ELL CORNER OF THIS TRACT;

THENCE SOUTH 88 DEGREES 03 MINUTES EAST 177.58 FEET TO A ROCK FOUND IN THE NORTHEAST CORNER OF THE SAID SECOND TRACT FOR A REENTRANT CORNER;

THENCE SOUTH 01 DEGREE 45 MINUTES WEST WITH THE EAST LINE OF THE SAID SECOND TRACT 506.12 FEET TO AN IRON PIN SET FOR THE SOUTHEAST CORNER OF HIS TRACT;

THENCE NORTH 89 DEGREES 00 MINUTES WET 1905.12 FEET TO AN IRON PIN SET FOR THE SOUTHWEST CORNER OF THIS TRACT;

THENCE NORTH 01 DEGREE 45 MINUTES EAST 506.12 FEET TO A FENCE POST FOUND IN THE NORTH LINE OF THE ABOVE-MENTIONED THIRD TRACT FOR AN ANGLE POINT;

THENCE NORTH 18 DEGREES 12 MINUTES EAST, 55.61 FEET TO AN 8-INCH POST OAK FOUND ON THE OCCUPIED WEST LINE OF THE SAID FIRST TRACT FOR AN ANGLE POINT;

THENCE NORTH 01 DEGREE 41 MINUTES EAST WITH THE WEST LINE OF THE SAID FIRST TRACT, 563.15 FEET TO A 20-INCH POST OAK TREE FOUND FOR AN ANGLE POINT;

THENCE NORTH 01-DEGREE 57 MINUTES EAST 1131.08 FEET TO THE PLACE OF BEGINNING, CONTAINING 90.00 ACRES OF LAND.

TAX MAP OR PARCEL ID NO.: 14478 ,TAX MAP OR PARCEL ID NO.: 45874

(the "Property") (CR 16-25). According to the Deed of Trust, Wade, or any person holding possession of the Property through him, became a tenant at sufferance if the Property was sold at a foreclosure sale and such person failed to surrender possession of the property. (CR 20 (Last Paragraph of Section 19)).[1]

As evidenced by the Trustee's Deed dated December 12, 2014, Household Finance Corp. III, plaintiff in the court below and appellee here (hereinafter "Appellee"), purchased the Property at a foreclosure sale conducted under the power of sale expressed in the Deed of Trust and acquired the Property at a foreclosure sale on December 2, 2014. (CR 90-99).

On January 12, 2014, Appellee sent Wade a written demand for possession. (CR 113-126). On January 16, 2015, Appellee filed its verified complaint for forcible detainer in the Justice of the Peace Court, Precinct 2, Position 1, Caldwell County, Texas. (CR 11-41). On February 5, 2015, Wade filed a Plea to the Jurisdiction. (CR 87-109). On February 10, 2015, the Justice of the Peace found Wade guilty of forcible detainer. (CR 127-128). Wade appealed the judgment on February 11, 2015 by filing an Affidavit of Inability to Pay Costs (CR 110-112). On February 27, 2015, the Justice of the Peace approved Wade's Affidavit of inability thereby perfecting the appeal (CR 135).

On appeal to the County Court at Law, Wade filed a Plea to the Jurisdiction (CR 143-147). At the trial on the merits, Counsel for Appellee objected to the Plea to Jurisdiction (the "Plea") arguing that the allegations in the Plea went beyond the scope of the hearing (2RR 12). Appellee's objection to the Plea was sustained (2RR 13), and an order denying the Plea was

---

[1] The Deed of Trust states, "If the Property is sold pursuant to this paragraph 19, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding." This portion of the Deed of Trust is hereinafter referred to from time to time as a "tenants at sufferance clause."

signed (CR 157). Appellee then submitted a Certified Copy of the Substitute Trustee Deed (4RR 1), a Certified Copy of the Deed of Trust (4RR 2), and a business records affidavit proving statutory notices were timely sent prior to the institution of the forcible detainer proceeding (4RR 3). The trial court awarded possession of the Property to Appellee on May 5, 2015. (CR 156). On May 8, 2015, Wade filed a Motion for New Trial (163-171). On May 15, 2015 Wade filed a Motion requesting Findings of Fact and Conclusions of Law (180-183). On June 4, 2015, the Court issued its Findings of Fact and Conclusions of Law (CR 184-186). On June 12, 2015, Wade requested additional Findings of Facts and Conclusions of Law (CR 201-202). Wade then perfected an appeal by filing notice of appeal in the trial court July 6, 2015. (CR 207). On July 8, 2015, Wade filed a Judicial Notice of Fraud on the Court alleging that Appellee was prevented from requesting a writ of possession (CR 187). On July 27, 2015, Wade filed a Petition of Writ of Mandamus because Appellee requested a writ of possession due to the insufficient supersedeas bond (CR 213-267). On July 2, 2015, the constable returned the Writ of Possession unexecuted because Wade filed a Notice of Appeal (CR 268-269).

## SUMMARY OF THE ARGUMENT

Wade argues that judgment for forcible detainer was in error because the County Court at Law on appeal lacked jurisdiction to foreclose on 90 acres of land; that the Appellee committed real estate fraud; that Appellee has been unjustly enriched; and that Appellee is barred by the doctrine of laches. While Appellee agrees that that the County Court lacks jurisdiction to determine the validity of any of the issues raised on appeal, the County Court does has jurisdiction to enter a judgment on the merits of the forcible detainer proceeding even if title to the property is in dispute. Texas law is clear that (1) a forcible detainer proceeding to determine the right to possession may proceed concurrently with the prosecution of a separate lawsuit in the District Court to determine title to property; (2) a justice court or a county court at law on appeal has jurisdiction to determine the right to possession of real property so long as it is not **necessary** to first determine the right to title; and (3) a "tenants at sufferance" clause in a deed of trust establishes an independent basis for a court to determine the right to possession without having to first determine title.

# ARGUMENT

## A.    STANDARD OF REVIEW

Wade requested Findings of Fact and Conclusions of Law. Findings of fact "have the same force and effect as jury findings." *Padilla v. Flying J, Inc.*, 119 S.W.3d 911, 913 (Tex. App.—Dallas 2003, no pet.) (citing *Gregory v. Sunbelt Sav., F.S.B.*, 835 S.W.2d 155, 158 (Tex. App.—Dallas, writ denied)). Thus, an appellate court reviews findings of fact with the same standards used "to review the sufficiency of the evidence to support a jury's findings." *Id.* (citing *Zieben v. Platt*, 786 S.W.2d 797, 799 (Tex. App.—Houston [14th Dist.] 1990, no writ)). Conclusions of law are reviewed de novo. *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (citing *E.L.M. LeBlanc v. Kyle*, 28 S.W.3d 99, 101 (Tex. App.—Texarkana 2000, pet. denied)); *In re Moers*, 104 S.W.3d 609, 611 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (citing *In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994)). Thus, the appellate court will "independently evaluate conclusions of law to determine their correctness." *In re Moers*, 104 S.W.3d at 611 (citing *Houston Bellaire, Ltd. v. TCP LB Portfolio I, L.P.*, 981 S.W.2d 916, 919 (Tex. App.—Houston [1st Dist.] 1998, no pet.)). The findings will be upheld "if the judgment can be sustained on any legal theory supported by the evidence. *Id.* Subject matter jurisdiction is reviewed de novo on appeal. *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App. — Dallas [5th Dist.] 2001).

**B.**    **REPLY TO ISSUES 1,2, AND 3:THE COUNTY COURT AT LAW HAD JURISDICTION TO DETERMINE WHICH PARTY HAD THE SUPERIOR RIGHT OF POSSESSION BECAUSE THE TERMS OF THE DEED OF TRUST PROVIDE AN INDEPENDENT MEANS TO DETERMINE THE RIGHT OF POSSESSION WITHOUT CONSIDERING THE PROPRIETY OF THE FORCLOSURE SALE OR WADE'S FRAUD AND UNJUST ENRICHMENT CLAIMS.**

Section 22 of the Deed of Trust provides that if the Property is sold at foreclosure sale, then Wade and any person holding possession of the Property through Wade shall immediately surrender possession of the Property to the purchaser at the sale and that if possession is not surrendered, then such person shall be a tenant at sufferance and may be removed from the Property by writ of possession.

Wade's first three issues on appeal are questions regarding title to the property. Wade believes that only 34.6 acres was mortgaged and that Appellee has committed mortgage fraud and been unjustly enriched by obtaining an order allowing foreclosure of 90 acres described in the deed of trust and subsequently foreclosing its interest based on that order. Wade has filed a district court suit presumably to address these three issues. However, due to the "tenant at sufferance" clause in the deed of trust, the pendency of the district court suit does not prevent the County Court from determining who has the superior right to possession. *Scott v. Hewitt*, 127 Tex. 31,90 S.W.2d 816 (1936); *Haith v. Drake*, 596 S.W.2d 194, 197 (Tex. Civ. App. - Houston [1st Dist.] 1980, writ refd n.r.e.); *Rice v. Pinney*, 51 S.W.3d 705 (Tex. App. - Dallas 2001, no pet.); *Dormady v. Dinero Land & Cattle Co., L.C.,* 61 S.W.3d 555 (Tex. App.- San Antonio 2001, pet. dism'd w.o.j.); *Villalon v. Bank One*, 176 S.W.3d 66 (Tex. App. - Houston [1st Dist] 2004, pet. denied); *Mortgage Elec. Registration Sys., Inc. v. Knight*, 2006 WL 510338 (Tex. App. - Beaumont Mar. 2, 2006, no pet.).

What all of the aforementioned cases have in common is the fact that the deed of trust at issue in each of the aforementioned cases contained a clause similar or identical to the tenants at sufferance clause contained in Section 22 of the Deed of Trust.

The general crux of the reasoning and holding of each of the aforementioned cases is that: (1) the only time a Justice Court or County Court, on de novo appeal, lacks jurisdiction to determine the right to immediate possession of property is when the right to title must be determined first; *see, e.g., Rice,* 51 S.W.3d at 709; (2) the "tenants at sufferance" or "tenants at will" clauses in a deed of trust creates an independent basis for the establishment of a landlord-tenant relationship between the borrower and the foreclosure sale purchaser; *see, e.g., Scott,* 127 Tex. at 35, 90 S.W.2d at 819; (3) because a landlord-tenant relationship is established by the terms of the deed of trust, the Justice Court or County Court, on de novo appeal, does not need to determine title in order to determine the right to immediate possession; *see, e.g., id.;* and (4) the Justice Court or County Court, on de novo appeal, has exclusive jurisdiction to determine the right to immediate possession of the property because the right to title need not be determined first; *see, e.g., Rice,* 51 S.W.3d at 708.

The Deed of Trust provided that Wade and anyone holding possession through Wade (the Hoffmans, the Marlins, and the Mowreys) were tenants at sufferance due to the sale of the Property under the Deed of Trust and Wade's failure to surrender possession of the Property; therefore, the County Court at Law on appeal did not need to consider the validity of the foreclosure sale or any title issues whatsoever to determine the right to immediate possession. Accordingly, the County Court at Law on appeal correctly rejected Wade's arguments and exercised its exclusive jurisdiction to determine the right to immediate possession of the Property.

Given that Wade has failed to offer any authority to support any argument that this Court should not continue to follow the thoughtfully drafted opinion in *Rice*, there exists no basis for this Court to reach a conclusion other than that reached in *Rice* – the tenants at sufferance clause in the Deed of Trust provided the trial court with an independent basis for determining the right to possession without necessarily first determining the right to title; accordingly, the trial court had subject matter jurisdiction to adjudicate the right to immediate possession.

## C. REPLY TO ISSUE 4: THE COUNTY COURT DID NOT CONSIDER THE AFFIRMATIVE DEFENSE OF LACHES BECAUSE IT WAS NOT PLEADED IN THE TRIAL COURT AND THEREFORE MAY NOT BE CONSIDERED NOW.

Laches is an affirmative defense consisting of two elements: (1) an unreasonable delay by one having legal or equitable rights in asserting them; and (2) a good faith change of position by another to his detriment because of the delay. *Roger v. Ricane Enterprises, Inc.*, 772 S.W.2d 76, 80 (Tex. 1989). Wade failed to formally plead this affirmative defense before the trial court and is now prevented from doing so in the appellate court. If a party does not plead an affirmative defense, it is waived. *Parks v. Develoopers Sur. & Indem. Co.*, 302 S.W.3d 920, 924 (Tex. App.—Dallas 2010, no pet.) (citing *Posey v. Sw. Bell Yellow Pages, Inc.*, 878 S.W.2d 275, 281 (Tex. App.—Corpus Christi 1994, no writ)); *F-Star Socorro, L.P. v. City of El Paso*, 281 S.W.3d 103, 108 (Tex. App.—El Paso 2008, no pet.) (citing *First Nat'l Bank v. Zimmerman*, 442 S.W.2d 674, 675–76 (Tex. 1969)). Thus, if an affirmative defense is not pleaded in the trial court, it may not be considered by an appellate court. *Parks*, 302 S.W.3d at 924 (citing *Posey*, 878 S.W.2d at 281).

Furthermore, Wade's laches claim relates to issues surrounding the validity of the foreclosure sale which the trial court does not have jurisdiction to adjudicate.

## CONCLUSION AND PRAYER

The evidence presented at trial proved that Wade agreed, by the terms of the deed of trust he executed, that he would· be a tenant at sufferance following a foreclosure of the lien evidenced by the deed of trust.

Accordingly, it was not necessary for the trial court to determine the propriety of the foreclosure sale or any other issues relating to title, much less was it necessary for the trial court to first determine title before determining the right to possession. Accordingly, the trial court had jurisdiction (exclusive jurisdiction, in fact) to determine the right to immediate possession of the Property.

For the reasons stated, this Court should affirm the judgment in favor of Appellee.

Respectfully submitted,
By __//s// Sarah Robbins_____
Sarah Robbins TBN 24074966
HUGHES, WATTERS & ASKANASE, L.L.P.
Three Allen Center
333 Clay, 29th Floor
Houston, Texas 77002
(713) 759-0818
(713) 759-6834- Fax
ATTORNEYS FOR APPELLEE,
FEDERAL NATIONAL MORTGAGE ASSOCIATION

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above foregoing Appellee's Brief has been served upon all parties by certified mail, return receipt requested, on this 15th day of December, 2015.

Don Wade
596 Boulder Lane
Dale, Texas 78616

___//s// Sarah Robbins_____
Sarah Robbins