**Robert B. PARKS, Individually and d/b/a Brinkman Construction, and Jo Ann Parks, Appellants,**

v.

**DEVELOPERS SURETY AND INDEMNITY COMPANY, Appellee.**

No. 05–08–00910–CV.

Court of Appeals of Texas, Dallas.

Jan. 5, 2010.

James C. Belt, Dallas, TX, for Appellant.

Alan J. Harlan, Hance Scarborough Wright Ginsberg & Brusilow, Dallas, TX, for Appellee.

Before Justices O'NEILL, FRANCIS, and LANG.

## OPINION

Opinion By Justice O'NEILL.

The trial court granted summary judgment in favor of Appellee Developers

Surety and Indemnity Company. In a single issue, appellants Jo Ann Parks and Robert B. Parks, individually and d/b/a Brinkman Construction argue a genuine issue of material fact exists because appellee failed to provide a complete accounting to conclusively prove their damages. We affirm.

## Background

Appellants and the City of Fort Worth (the City) contracted for Brinkman Construction to complete projects involving the improvements to three different parks in the Fort Worth area. Appellee acted as surety on the project and issued three sets of Texas public works performance, payment, and maintenance bonds on behalf of Brinkman Construction, as principal, and in favor of the City, as obligee. As a condition precedent to its issuance of the surety bonds, appellee required Brinkman's owner, Robert Parks and his wife Jo Ann to execute a written indemnity agreement in which they jointly and severally agreed to exonerate, indemnify, and hold appellee harmless from and against any and all losses, costs, damages, attorneys' fees, and other expenses for which demands might be made upon appellee.

Brinkman commenced performance on the projects and partially completed each before the City terminated the contracts for default. Specifically, the City fired Brinkman from the projects because (1) the projects lacked supervision, (2) they were incomplete, and (3) the completed work was defective. The City then asserted claims against each of appellee's performance bonds.

Appellee filed suit against appellants alleging damages totaling $371, 245.81 as a result of claims against the performance bonds and claims against it by unpaid subcontractors and suppliers. It later filed a motion for summary judgment asserting it conclusively established appellants were jointly and severally liable for $371, 245.81, attorneys' fees, interest, and court costs pursuant to the terms of the indemnity agreement. Its motion included the affidavit of Gary A. Perkins, a claims assistant manager for appellee. Attached to the affidavit was a detailed summary of the loss and expense payments made by appellee on behalf of Brinkman to pay and/or settle the performance bonds.

Appellants filed a response to the motion in which they asserted the City prevented them from completing the projects, which essentially nullified the contract. Appellants further argued because no contract was in place between them and the City, appellee was under no obligation to pay to complete the projects.

The trial court granted appellee's motion and stated the following:

"... [T]here exists no genuine issue as to any material fact regarding either the question of Defendant's liability to Plaintiff for the full amount of Plaintiff's losses, costs and expenses arising out of and/or relating to the performance and payment bonds Plaintiff issued in favor of Brinkman Construction, or the actual amount of Plaintiff's losses, costs and expenses incurred in connection with the three (3) bonded City of Fort Worth projects...."

Appellants filed a motion for new trial arguing for the first time that appellee failed to conclusively prove damages because the Perkin's affidavit was conclusory. They also claimed appellee was under no obligation to complete the projects, and the City was an indispensable party. The trial court denied the motion for new trial, and this appeal followed.

## Standard of Review

The standard for reviewing a traditional motion for summary judgment is well-es-

tablished. *See Sysco Food Servs. v. Trapnell,* 890 S.W.2d 796, 800 (Tex.1994); *Nixon v. Mr. Prop. Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). We review a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.,* 12 S.W.3d 172, 175 (Tex. App.-Dallas 2000, pet. denied). A party moving for traditional summary judgment is charged with the burden to establish that there are no genuine issues of material fact, and it is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *M.D. Anderson Hosp. & Tumor Inst. v. Willrich,* 28 S.W.3d 22, 23 (Tex.2000) (per curiam).

### Discussion

In a single issue, appellants contend appellee failed to set forth in a clear and discernable manner any accounting of the financial transactions which allowed it to complete the project.[1] Specifically, appellants argue appellee failed to show (1) any offsets given to appellee in the calculation of damages, including an itemized list of each check that was paid to them by the City; (2) a list of those contractors and sub-contractors hired, detailing their part in completing the contract and including the amount paid to each; and (3) a detailed list notifying appellants of any other costs associated with completing the project. Appellee responds the detailed summary of the loss and expense payments from the claims master file attached to Gary Perkins's affidavit conclusively establishes damages. We agree.

The trial court's order granting summary judgment states it read and considered the motion for summary judgment "and other pleadings and papers on file." Included in these documents was the in-

demnity agreement in which appellee was the surety and Jo Ann Parks and Robert Parks d/b/a Brinkman Construction was the principal. Under the section labeled "Exercise of Rights By Surety," section 2.4 provides the following:

> In any claim or suit hereunder, an itemized statement of claims or losses paid or liabilities incurred and expenses paid or incurred, declared under penalty of perjury to be true and correct by an officer of Surety, or the vouchers or other evidence of disbursement by Surety, shall be prima facie evidence of the fact and extent of liability hereunder of Principal and Indemnitor.

Appellants claim appellee may not now rely on this provision because it raised the argument for the first time in its brief. Further, without citing any authority, appellants argue the provision is unconscionable and void, and therefore can be raised by them for the first time on appeal. We conclude both of these arguments lack merit.

First, as noted above, the court's judgment states it considered the pleadings and papers on file. Recitals contained in the judgment are presumed true unless there is a conflict between the judgment and record, which is not the case under these facts. *See MJR Fin., Inc. v. Marshall,* 840 S.W.2d 5, 9 (Tex.App.-Dallas 1992, no writ). Thus, because the indemnity agreement was filed with the court papers, we can conclude the trial court considered it regardless of whether appellee specifically brought it to the court's attention. As such, appellee was free to rely on it in its brief.

Second, an allegation that a provision in a contract is void, unenforceable,

---

1. Despite raising two additional arguments in their motion for new trial, appellants only challenge appellee's failure to prove damages on appeal.

or unconscionable is a matter in the nature of an avoidance and must be pleaded. Tex.R. Civ. P. 94 (noting a party must affirmatively plead any matter constituting an avoidance or affirmative defense); *Shoemake v. Fogel, Ltd.*, 826 S.W.2d 933, 937 (Tex.1992); *Posey v. Sw. Bell Yellow Pages, Inc.*, 878 S.W.2d 275, 281 (Tex. App.-Corpus Christi 1994, no writ). If a party fails to plead the affirmative defense, it is waived. *Posey*, 878 S.W.2d at 281; *see also* Tex.R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Because appellants failed to assert in the trial court that section 2.4 of the indemnity agreement was unconscionable, we may not now consider their argument for purposes of reversing the summary judgment. *Posey*, 878 S.W.2d at 281; *see also* Tex.R. Civ. P. 166a(c).[2]

■ Having addressed these arguments, we now turn to the substance of Gary Perkins's affidavit to determine whether it, along with the attached documentation, established appellee's $371,245.81 claim for damages.

As appellee's claims assistant manager, Gary Perkins provided a detailed summary of the loss and expense payments made by appellee on behalf of Brinkman to pay and/or settle the performance and payment bond claims. The computerized summary provides dates, check numbers, amounts, payees, and descriptions of the expenses incurred and paid in connection with Brinkman's default on the bonds. Appellants have failed to show how this documentation did not establish appellee's damages as a matter of law. Rather than attacking this evidence, they provide a laundry list of further information they claim is missing from the documentation and necessary to prove damages such as a further detailed accounting of financial transactions, the method used to calculate losses, costs, expenses, and offsets, and business records to corroborate the accounting.

By appellants simply arguing they needed more information than that provided by appellee, we cannot say they have raised a genuine issue of material fact regarding the calculation of damages. *Casso v. Brand*, 776 S.W.2d 551, 556 (Tex.1989) (noting once a movant has provided sufficient evidence to support its motion for summary judgment, the nonmovant is required to produce summary judgment evidence that will dispute the movant's evidence); *see, e.g., Keenan v. Gibraltar Sav. Assoc.*, 754 S.W.2d 392, 393–94 (Tex.App.-Houston [14th Dist.] 1988, no writ) (noting in order to raise a fact issue, competent summary judgment proof must consist of more than conclusory allegations of failure to apply offsets, payments, or credits). Section 2.4 of the indemnity agreement required appellee to provide an itemized statement of claims or losses paid or liabilities incurred and expenses paid to establish prima facie evidence of appellants' liabilities. This information was provided through the computerized summary attached to the Perkins's affidavit. Nothing within the indemnity agreement required any further information such as methods

2. Appellants cite *In re Poly–America, L.P.*, 262 S.W.3d 337 (Tex.2008) to support their argument for why section 2.4 is unconscionable. However, in that mandamus proceeding, relator had filed suit for retaliatory discharge and sought a declaratory judgment that an arbitration provision was unenforceable because it violated public policy and was unenforceable. *Id.* at 345. Therefore, unlike the facts in this case, the realtor in *Poly–America, L.P.* raised the issue to the trial court prior to raising it on appeal. Thus, we do not find appellants' authority persuasive.

used to calculate losses or business records to corroborate the accounting, and appellants failed to provide any controverting evidence. *See Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965) ("Evidence that favors the movant's position will not be considered unless it is uncontroverted."). And as noted above, appellants failed to challenge the validity of section 2.4 in the trial court.

Thus, appellee established there was no issue of material fact regarding damages and entitled to judgment as a matter of law. Therefore, the trial court properly granted summary judgment.[3] Appellants' sole issue is overruled.

We affirm the trial court's judgment.

---

**3.** Appellants cite *Crown Asset Management., L.L.C. v. Burnett,* 05–07–01196–CV, 2008 WL 3197098 (Tex.App.-Dallas August 8, 2008, no pet.) as an example of this Court concluding an affidavit was insufficient to support a default judgment. While appellants acknowledge their case is not a default judgment case, they contend it is persuasive. Specifically, they argue we should consider it because they were not privy to information utilized to calculate damages just as the affidavit provided by Crown Asset did not provide sufficient information to calculate damages. We cannot agree with appellant. First, this is not a default judgment case. Furthermore, for the reasons stated above and because appellants were not entitled to further information based on the language in the indemnity agreement, we do not find appellants' argument persuasive.