

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00081-CV

_____

SHAMROCK FOODS CO., Appellant

V.

MUNN & ASSOCIATES, LTD., Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 2012-282-B

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Chief Justice Morriss

# OPINION

In the contract dispute arising out of Munn & Associates, Ltd.'s agreement to provide consulting services to Shamrock Foods Company, Munn sued Shamrock and alleged not more than $60,000.00 in damages. The trial court overruled Shamrock's responsive motion to require arbitration as provided by the consulting contract, finding that Munn would likely be charged excessive arbitration fees and that, therefore, the arbitration provision was unconscionable. No party denies the existence of the arbitration agreement or that it covers the dispute at hand. The ultimate issue is whether the agreement is unconscionable because the cost of such arbitration is prohibitive. We reverse because—although (1) Munn properly raised the unconscionability claim—(2) Munn relied on inadmissible evidence to support its unconscionablity claim and, (3) even considering all its evidence, Munn failed to prove unconscionability.

In 2004, Shamrock and Munn entered into a consulting agreement under which Munn would provide certain consulting services to Shamrock. The agreement provides for arbitration:

> [A]ny controversy between the parties involving the construction or application of any term, covenant, or condition of this Agreement will, on the written request of one party served on the other, be submitted to binding arbitration in accordance with the Commercial Arbitration Rules of the American Arbitration Association. Arbitration shall be in Longview, Texas. Each of the parties to this Agreement is entitled to appoint one person as an arbitrator to hear and determine the dispute, and each party will attempt in good faith to agree with the other as to a third arbitrator. If the parties should prove unable to agree in this way, then two arbitrators already chosen will select a third impartial arbitrator. The expenses of arbitration will be borne by the losing party.[1]

---

[1] Excepted from the arbitration clause are lawsuits alleging breach of paragraph eight of the contract, pertaining to the protection of trade secrets, not applicable here.

2

In addition to providing that the expenses of arbitration will be borne by the losing party, the agreement further provides that "the prevailing party will be entitled to reasonable attorney's fees, costs, and necessary disbursements in addition to any other relief to which that party is entitled," in the circumstance that "any action at law or in equity is necessary to enforce or interpret the terms" of the agreement.[2]

Munn did not use its original petition to allege that the agreement's arbitration provision was unconscionable or otherwise unenforceable. Instead, Munn raised the issue in its response to Shamrock's motion to compel arbitration.[3] Munn claimed it was not refusing to arbitrate but instead was seeking "cooperation and mutual discussion regarding the manner in which the arbitration process will be conducted, in order to reduce unnecessary costs." Because Shamrock wished to proceed strictly in accordance with the arbitration process as described in the agreement, Munn claimed the provision was rendered "ineffective because of substantive unconscionability."

_____

[2]The consulting agreement indicates that it "shall be construed and enforced in accordance with the laws of the State of Arizona." Both parties indicate that the agreement is governed by the Federal Arbitration Act (FAA). *See* 9 U.S.C. §§ 1–3 (West 1999). An agreement such as this one, containing a general choice-of-law provision, does not preclude application of federal law under the FAA. *In re Olshan Found. Repair Co., LLC*, 328 S.W.3d 883, 890 (Tex. 2010); *see also Capital Income Props. v. Blackmon*, 843 S.W.2d 22, 23 (Tex. 1992) (per curiam) ("[t]he Federal [Arbitration] Act is part of the substantive law of Texas"). The FAA is likewise a part of the substantive law of Arizona. *See Harrington v. Pulte Home Corp.*, 119 P.3d 1044 (Ariz. Ct. App. 2005) (adopting *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000)).

[3]Munn's response to Shamrock's motion to stay and compel arbitration was filed on the day of the hearing. At the conclusion of the hearing, the trial court took the matter under advisement. While the matter was pending, both parties filed affidavits of their respective principals regarding the arbitration provision. Shamrock claims the arbitration provision was drafted by Munn. Conversely, Munn claims the vice president of Shamrock participated in negotiating the majority of the terms of the agreement, although Munn does not specifically deny drafting the arbitration provision.

In its order denying Shamrock's motion to stay and compel arbitration, the trial court found that "the Plaintiff is in all probability likely to be charged excessive arbitration fees in light of the dispute at issue and the likely costs to be incurred through the Texas judicial system, and therefore, the Arbitration Clause in the contract is unconscionable." No findings of fact or conclusions of law were requested or filed.[4]

In this accelerated, interlocutory appeal[5] of the order denying a motion to compel arbitration, we review de novo the trial court's legal determinations and its factual determinations under a "no evidence" standard. *In re Trammell*, 246 S.W.3d 815, 820 (Tex. App.—Dallas 2008, orig. proceeding). We defer to the trial court's factual determinations if they are supported by the evidence. *Cleveland Constr., Inc. v. Levco Constr., Inc.*, 359 S.W.3d 843, 851–52 (Tex. App.—Houston [1st Dist.] 2012, pet. dism'd). In reviewing the trial court's factual determinations, we must credit favorable evidence if a reasonable fact-finder could and disregard contrary evidence unless a reasonable fact-finder could not. *Kroger Tex. Ltd. P'ship v. Suberu*, 216 S.W.3d 788, 793 (Tex. 2006). If the facts relevant to the arbitration issue are not disputed, we are presented only with issues of law and, therefore, review de novo the trial court's order.

---

[4]The trial court issued a filed letter ruling before the entry of its order. The letter does not state that it is intended to set forth the trial court's findings of fact and conclusions of law. Moreover, neither party requested findings of fact and conclusions of law, and neither argues on appeal that the letter ruling should be treated as findings of fact and conclusions of law. We, therefore, do not treat the letter ruling as such. *See generally Moore v. Jet Stream Invs., Ltd.*, 315 S.W.3d 195 (Tex. App.—Texarkana 2010, pet. denied).

[5]Under the FAA, an interlocutory appeal may be taken from an order denying a motion to stay and compel arbitration. *See* 9 U.S.C. § 16(a)(1)(A) (West 1999). The order may also be challenged by interlocutory appeal under Texas law. TEX. CIV. PRAC. & REM. CODE ANN. § 51.016 (West Supp. 2012). In enacting Section 51.016 of the Texas Civil Practice and Remedies Code, the Legislature "enacted a policy change that promotes efficiency and common sense." *CMH Homes v. Perez*, 340 S.W.3d 444, 451 (Tex. 2011) (party unsure of whether Texas Arbitration Act or FAA applied to agreement no longer must pursue parallel proceedings—interlocutory appeal of trial court's denial under Texas Arbitration Act and writ of mandamus from denial under FAA).

4

*Trammell*, 246 S.W.3d at 820. A "no evidence" point requires the appellate court to consider only the evidence and inferences tending to support the finding under attack and to disregard all evidence and inferences to the contrary. *Id*. Because no findings of fact or conclusions of law were filed, we must uphold the trial court's decision if there is sufficient evidence to support it on any legal theory asserted. *Wetzel v. Sullivan, King & Sodom, P.C.*, 745 S.W.2d 78, 81 (Tex. App.—Houston [1st Dist.] 1988, no writ).

*(1)     Munn Properly Raised the Unconscionability Claim*

Shamrock argues that Munn waived the issue of unconscionability by failing to plead same as a defense to the arbitration provision. Although Arizona law may govern the issue of whether the arbitration provision is substantively unconscionable, Texas procedural rules—including pleading rules—control. *Moonlight Invs.*, *Ltd. v. John*, 192 S.W.3d 890, 894 (Tex. App.—Eastland 2006, pet. denied).

Generally, an affirmative defense is waived if it is not pled. "In pleading to a preceding pleading, a party shall set forth affirmatively . . . any other matter constituting an avoidance or affirmative defense." TEX. R. CIV. P. 94. Shamrock relies on *Carbindale*, *L.P. v. Kotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191 (Tex. App.—Houston [14th Dist.] 2010, no pet.), in support of its waiver argument. In that case, Kotts brought a declaratory judgment action against Carbindale. *Id*. at 194. In response, Carbindale filed a general denial answer subject to a motion to stay litigation and compel arbitration. *Id*. In opposition to the motion to compel arbitration, Kotts argued that the arbitration agreements were not properly authenticated and,

5

therefore, were insufficient evidence of a valid agreement to arbitrate. The motion to compel arbitration was denied. *Id.*

On appeal, Kotts argued for the first time that the arbitration agreements were invalid because they were unconscionable. The court recognized that "an allegation that a provision in a contract is void, unenforceable, or unconscionable is a matter in the nature of avoidance and must be affirmatively pleaded." *Id.* at 196 (citing TEX. R. CIV. P. 94; *Parks v. Developers Sur. & Indem. Co.*, 302 S.W.3d 920, 924 (Tex. App.—Dallas 2010, no pet.)). Because Kotts failed to assert unconscionability of the arbitration agreements in the trial court, this argument was waived and not considered on appeal. *Id.*

This case can be distinguished from *Carbindale*. In that case, the issue of unconscionability was raised for the first time on appeal. Here, while Shamrock did not assert its right to arbitration in its answer, it filed a motion to compel arbitration. Munn filed a separate response to that motion, wherein it maintained that Shamrock refused to discuss "the manner in which such arbitration process will be conducted, in order to reduce unnecessary costs and delay in the arbitration process." As a result of this refusal, Munn asserted that the "arbitration process . . . will result in prohibitive costs" thus rendering "the arbitration provision ineffective because of substantive unconscionability."

The arbitration provision here is properly invoked "on the written request of one party served on the other. . . ." Shamrock properly invoked the arbitration provision on filing of its motion to stay and compel arbitration. Munn properly responded, alleging substantive unconscionabilty, which issue was tried before the court. Shamrock claims, in essence, that

Munn was required to offensively assert the alleged unconscionability of the arbitration provision, before its invocation.[6] We disagree. Rule 94 expressly applies when "[p]leading to a preceding pleading . . . ." Munn did all that was necessary to raise this issue before the trial court by asserting the unconscionability of the arbitration provision in its response to Shamrock's motion to compel arbitration. We overrule this point of error.

*(2)    Munn Relied on Inadmissible Evidence to Support Its Unconscionablity Claim*

Shamrock complains of two exhibits admitted over its hearsay objections at the hearing on its motion to compel arbitration. The first exhibit[7] is captioned "Financial History," and purports to come from the American Arbitration Association (AAA). Munn represented this exhibit to be a financial history of a previous arbitration between the same parties to the same contract "that went close to final conclusion." The exhibit purports to reflect costs charged to Munn in the previous arbitration. Shamrock objected, claiming the document was hearsay. The trial court overruled the objection and received the exhibit in evidence.

---

[6]Shamrock cites *Rupert v. McCurdy*, 141 S.W.3d 334, 339 (Tex. App.—Dallas 2004, no pet.), in support of the assertion that a motion is not a pleading, and thus a response to a motion is not a pleading. Shamrock contends that, therefore, Munn's assertion of the substantive unconscionability defense to enforcement of the arbitration provision in its response to the motion did not satisfy pleading requirements. We disagree. This is not a classic case involving the assertion of an affirmative defense. Munn filed the lawsuit and did nothing to invoke the arbitration provision. Under the parties' agreement, the arbitration provision was not invoked, and thus was not an issue until Shamrock filed its motion to stay and to compel arbitration. Until the arbitration provision was invoked, Munn had no duty, under the agreement, to allege the unconscionability of the arbitration provision.

Additionally, Shamrock relies on *Parks*, 302 S.W.3d at 924. *Parks* was a summary judgment case in which Parks alleged, for the first time on appeal, that a contractual indemnity provision was unconscionable and void. In holding this affirmative defense was waived, the court found that, because "appellants failed to assert in the trial court that section 2.4 of the indemnity agreement was unconscionable, we may not now consider their argument for purposes of reversing the summary judgment." *Id*. Here, Munn asserted the issue of unconscionability in the trial court.

[7]This exhibit was labeled as Plaintiff's Exhibit 4.

7

On appeal, Munn contends the financial statement was not hearsay, claiming the prior arbitration was a quasi-judicial proceeding to which Shamrock was a party. Munn further contends that both Munn and Shamrock designated the AAA as agent for purposes of serving as the designated arbiter in the previous proceeding. It thus maintains that the financial history issued by the AAA was created within the scope of the AAA's employment by the parties during the existence of the agency relationship. Accordingly, Munn contends that, in accordance with Rule 801(e)(2)(D) of the Texas Rules of Evidence, the statement is not hearsay. This rule provides that a statement is not hearsay if it is offered against a party and is "a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship." TEX. R. EVID. 801(e)(2)(D).

Even assuming this analysis is correct, there is no evidence in the record supporting the predicate findings Munn contends are true. Outside of argument by counsel, there is no evidence that (1) Shamrock was a party to a prior arbitration with Munn, (2) the AAA was Shamrock's designated agent in such proceeding, (3) the financial history was created within the scope of AAA's employment by the parties, and (4) the document was created during the existence of an agency relationship between AAA and Shamrock. The hearsay status of the financial history offered and accepted into evidence as Plaintiff's Exhibit 4 is not remedied under the agency exception of the hearsay rule.

Alternatively, Munn argues that the financial history falls within the hearsay exception set forth in Rule 803(1) of the Texas Rules of Evidence, which provides that "a statement describing or explaining an event or condition made while the declarant was perceiving the event

8

or condition, or immediately thereafter" is not excluded by the hearsay rule. TEX. R. EVID. 803(1). We disagree.[8]

No testimony was offered, either live or by affidavit, that could have proved the "financial history" was not hearsay, was a business record, or otherwise satisfied an exception to the hearsay rule. The document captioned "financial history" constitutes an out-of-court statement offered for the truth of the matter asserted therein—that the charges listed were billed to Munn as arbitration costs in a previous matter. This document was therefore hearsay. TEX. R. EVID. 801(d). Absent application of one of the Rule 803 exceptions, hearsay is inadmissible. TEX. R. EVID. 802. The "financial history" should have been excluded from evidence in light of Shamrock's hearsay objection.[9]

A second exhibit[10] was offered and received into evidence over Shamrock's hearsay objection. This exhibit was merely a summary of information taken from the financial history document. It thus shares the hearsay character of the financial history and was not properly admissible for the reasons previously discussed.

---

[8]While the financial history might have successfully been offered as an exception to the hearsay rule as a record of a regularly conducted business activity, no evidence was offered to prove up this exception. *See* TEX. R. EVID. 803(6).

[9]Munn relies on *Olshan Foundation Repair Co. v. Ayala*, 180 S.W.3d 212, 215–16 (Tex. App.—San Antonio 2005, pet. denied), in which the court found the arbitration agreement to be unconscionable. Munn claims that the "court there held a copy of the Ayalas' invoice from AAA, reflecting their part of the arbitration expenses, conclusively established the likelihood they would again incur such fees if required to return to arbitration." In *Olshan*, however, there was no dispute regarding the admissibility of the AAA invoice. Further, Ayala testified that the costs of arbitration under the AAA represented approximately forty-five percent of his annual gross earnings, as well as twenty-eight percent of the Ayalas' combined annual gross income. *Id.* at 216. In this case, no testimony was presented. Further, while *Olshan* is based on United States Supreme Court authority as enunciated in *Green Tree Financial Corp.-Alabama v. Randolph*, 531 U.S. 79 (2000), it nevertheless represents a Texas court's interpretation of *Randolph*. The agreement here is to be construed and enforced in accordance with Arizona law.

[10]Plaintiff's Exhibit 5.

*(3)    Even Considering All Its Evidence, Munn Failed to Prove Unconscionability*

Shamrock contends that, because there is no evidence of the elements of substantive unconscionability, the trial court erred in denying its motion to compel arbitration.

When determining whether an arbitration agreement is valid, "state law, whether of legislative or judicial origin, is applicable *if* that law arose to govern issues concerning the validity, revocability, and enforceability of contracts generally." *Perry v. Thomas*, 482 U.S. 483 n.9 (1987); *see also Allied-Bruce Terminix Cos. v. Dobson*, 513 U.S. 265, 281 (1995) (states may regulate arbitration clauses "under general contract law principles and they may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of any contract'") (quoting 9 U.S.C. § 2).[11]  States may not, however, "invalidate arbitration agreements applicable *only* to arbitration provisions." *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

---

[11]Section 2 of the FAA provides:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2.  In keeping with the federal statute, Arizona law provides:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

A.R.S. § 12-1501 (2012) (West).

10

Unconscionability is a generally applicable contract defense, which may render an arbitration provision unenforceable. *Id.* at 686–87. Moreover, unconscionability is a generally applicable contract defense under Arizona law. *Harrington v. Pulte Home Corp.*, 119 P.3d 1044, 1048–49 (Ariz. Ct. App. 2005). Thus, our task is to determine whether the arbitration agreement is unconscionable under Arizona law. Here, the claim is one of substantive unconscionability. The Arizona Supreme Court has held that a claim of unconscionability can be established with a showing of substantive unconscionability alone. *Maxwell v. Fid. Fin. Servs., Inc.*, 907 P.2d 51, 59 (Ariz. 1995). Even so, plaintiffs have a high bar to meet in demonstrating that an arbitration agreement is unconscionable. *Coup v. Scottsdale Plaza Resort, LLC*, 823 F.Supp.2d 931, 947 (D. Ariz. 2011).

"Substantive unconscionability concerns the actual terms of the contract and examines the relative fairness of the obligations assumed." *Maxwell*, 907 P.2d at 58. "Indicative of substantive unconscionaiblity are contract terms so one-sided as to oppress or unfairly surprise an innocent party, an overall imbalance in the obligations and rights imposed by the bargain, and significant cost-price disparity." *Id.*

In reliance on *Green Tree Financial*, *Harrington* recognized that "arbitration agreements are enforceable in the absence of individualized evidence to establish that the costs of arbitration are prohibitive." *Harrington*, 119 P.3d at 1055. Further, the party seeking to invalidate the agreement has the burden of showing the likelihood that arbitration "would be prohibitively expensive." *Id.* (citing *Randolph*, 531 U.S. at 92). Once that burden has been met, the party seeking arbitration must come forward with contrary evidence. *Randolph*, 531 U.S. at 92.

11

However, a mere showing of a risk that the party opposing arbitration "will be saddled with prohibitive costs is too speculative to justify the invalidation of an arbitration agreement." *Id.* at 91. In determining whether fees imposed pursuant to an arbitration agreement deny a potential litigant the opportunity to vindicate his or her rights, Arizona law requires the case-specific evaluation adopted in *Randolph*. *Harrington*, 119 P.3d at 1055.

In *Harrington*, each of the five plaintiffs submitted an affidavit to attempt to meet the burden to demonstrate that arbitration would be prohibitively expensive. These affidavits showed that plaintiffs were retired or self-employed and either lived on a "modest fixed income" or a "low fixed income." Further, each affiant indicated that a cost of "even a thousand dollars" for arbitration would prohibit them from pursuing their claims.[12] The court ruled that these affidavits were conclusory because they did not offer specific facts regarding the affiants' financial situations. *Id.* at 1056. "There is no showing of assets or why arbitration costs would be a hardship, let alone a prohibitive hardship . . . ." *Id.* Finally, there was no showing of why arbitration would "put [appellees] in any worse position than litigation in allowing them to pursue their claims."[13] *Id.* Therefore, "the allegation that the arbitration clause is substantively unconscionable on this record is speculative at best." *Id.*

A more recent case applying Arizona law to this issue found that an arbitration clause in an employment agreement was enforceable. *Coup*, 823 F.Supp.2d at 935. In support of the claim that the arbitration agreement was substantively unconscionable, Coup argued, among

---

[12]Each affiant sought recovery of $500,000.00 to $1,000,000.00. *Harrington*, 119 P.3d at 1056.

[13]The applicable arbitration rules provided for the deferral or reduction of fees in appropriate cases. *Id.*

other things, that the agreement failed to address how arbitration fees would be allocated between the parties, and thus "the arbitration fees and costs awarded against the plaintiffs could be prohibitive to plaintiffs who are indigent." *Id*. at 954. The court observed that *Harrington* rejected the argument that that arbitration clause was substantively unconscionable because those seeking to avoid arbitration failed to present "individualized evidence to establish that the costs of arbitration [were] prohibitive." *Id*. (citing *Harrington*, 119 P.3d at 1055). Because the employees failed to show what arbitration costs or fees would be incurred, if any, and because they failed to demonstrate that arbitration would put them in any worse position than litigation in allowing them to pursue their claims, the court determined the allegation that the arbitration agreement was substantively unconscionable was without merit. *Id*. at 955.

Munn's claim of substantive unconscionability rests on the notion that the fees it would likely incur if this matter were sent to arbitration would be prohibitive. Munn relies on the financial history (Plaintiff's Exhibit 4) in support of its contention. Munn argues that the financial history, which it claims reflects costs of the previous arbitration between the same parties in the amount of approximately $22,000.00, is evidence of what arbitration costs would total in this case. Because Munn's original petition alleges damages not to exceed $60,000.00, it contends that the cost of pursuing its claims in arbitration is excessive. Munn contends that a comparison of litigation costs to arbitration fees in this context is unnecessary because "both procedures will likely incur the same amount of attorney's fees." This statement is unsupported by any evidence.

The only evidence presented to the trial court relevant to arbitration costs was the "financial history," which, as previously discussed, was improperly admitted over Shamrock's hearsay objection. When this evidence is removed from the equation, there is no evidence probative of the anticipated cost of AAA arbitration in Longview, Texas.

Even assuming the financial history was properly admitted, Munn still fails to meet its burden to show the likelihood that arbitration would be prohibitively expensive. Lacking is the type of individualized evidence required in *Harrington*. The sole piece of evidence is the cost of a previous, albeit unconcluded, arbitration. There is no evidence here of the type required by *Harrington*—specific facts regarding the financial situation of the party opposing arbitration. There was no evidence presented in the trial court showing Munn's financial situation or how, given that financial situation, arbitration would result in a prohibitive hardship.[14] Munn has not provided evidence that an arbitral forum would be financially inaccessible to it, as it has failed to provide any statement regarding its ability to pay arbitration costs.[15] So, even assuming the costs of arbitration can be reasonably projected from the financial history Munn provided, there is no showing that Munn is unable to pay this amount or that it is otherwise prohibitive. Likewise,

---

[14]The first two exhibits offered into evidence by Munn consist of letters between counsel discussing arbitration and whether the parties could agree to it. As such, these exhibits have no relevance to the *Harrington*/*Randolph* factors previously discussed. The hearing record does not include Plaintiff's Exhibit 3. Plaintiff's Exhibits 4 and 5 have heretofore been discussed. The lone remaining exhibit, the affidavit of Munn, was submitted to the trial court while the case was under consideration. This exhibit addresses negotiation of the agreement and is silent as to the cost of arbitration, financial assets, costs of litigation, and the ability to pay arbitration fees.

[15]Munn maintains that it carried its burden to produce "some evidence" that it will likely incur arbitration costs in such an amount as to deter enforcement of its rights, in reliance on *In re Poly-America*, *L.P.*, 262 S.W.3d 337, 356 (Tex. 2008). Because Arizona law applies with respect to the issue of whether the arbitration provision is unconscionable, reliance on *Ploy-America* is misplaced.

14

there is no evidence as to the comparative cost of state court litigation, and there is no evidence as to Munn's assets or ability to pay either arbitration costs or litigation costs.[16]

The primary purpose of arbitration is to provide an inexpensive and speedy final disposition of disputes as an alternative to litigation. *Canon Sch. Dist. No. 50 v. W.E.S. Const. Co.*, 882 P.2d 1274,1278 (Ariz. 1994). However, arbitration agreements are enforceable in the absence of individualized evidence to establish that the costs of arbitration are prohibitive. *Harrington*, 119 P.3d at 1055. Because Munn failed to provide such individualized evidence, the motion to stay and compel arbitration was improperly denied.[17] Moreover, because Munn clearly participated in drafting the agreement, enforcement of the arbitration provision does not "oppress or unfairly surprise" Munn and does not result in "an overall imbalance in the obligations and rights imposed by the bargain." *Maxwell*, 907 P.2d at 58.

We reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:    November 27, 2012
Date Decided:      January 15, 2013

---

[16]An additional factor *Harrington* considered in determining the arbitration agreement was not unconscionable was the fact that the agreement permitted the arbitrator to reduce or defer administrative fees. *Harrington*, 119 P.3d at 1056. Here, the arbitration agreement does not include such a provision, but it does provide that the expenses of arbitration will be borne by the losing party. Thus, should Munn prevail, it will bear no expenses of arbitration.

[17]Shamrock further contends that Munn was not entitled to complain about the arbitration provision it authored. Munn claims that Shamrock's vice-president participated in negotiating the majority of the terms of the agreement, although the affidavit so claiming does not specifically state that Munn did not draft the arbitration provision. Given this dispute, and given the resolution of the issue of the alleged substantive unconscionability of the arbitration provision, we need not address this complaint.