

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00376-CV

James A. **WINSLOW**,
Appellant

v.

**D.R. HORTON AMERICA'S BUILDER**,
Appellee

From the County Court at Law No. 8, Bexar County, Texas
Trial Court No. 372383
The Honorable Liza Rodriguez, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:        Karen Angelini, Justice
                Marialyn Barnard, Justice
                Luz Elena D. Chapa, Justice

Delivered and Filed:  May 29, 2013

AFFIRMED

This appeal arises from a county court at law's de novo review of James A. Winslow's claim after the claim was dismissed by a small claims court. Winslow asserts that the trial court erred in dismissing his claim seeking damages for D. R. Horton America's Builder's failure to repair alleged roof defects and damage D. R. Horton allegedly caused to the base flashing of his home. The trial court dismissed the claim because paragraph 17 of the Earnest Money Contract/Escrow Instructions entered into between Winslow and D. R. Horton mandated a dispute resolution procedure applicable to every dispute between the parties occurring before and

after the closing of Winslow's purchase of his home. The contract required the parties to submit their claim to a mediator[1] and then to binding arbitration. The contract further stated that in making the agreement, the parties "are waiving their rights to FILE A LAWSUIT relating to any dispute between them." Although Winslow acknowledges this contractual provision, the crux of Winslow's complaint on appeal appears to be that he has the option to pursue his claim in small claims court under: (1) the AAA's Home Construction Arbitration Rules and Mediation Procedures; (2) the AAA's Supplementary Procedures for Consumer-Related Disputes; and (3) the AAA's Consumer Due Process Protocol.[2]

With regard to the AAA's Home Construction Arbitration Rules, the parties' contract did not expressly provide for arbitration by the AAA under those rules.[3] Instead the contract provided for the arbitration to "be administered and conducted by the American Arbitration Association ("AAA") in accordance with … THE RULES OF THE AAA." Because the contract

---

[1]In his briefing, Winslow makes several references to the small claims court's order referring the parties to mediation with Bexar County's Dispute Resolution Center as being contrary to the parties' agreement. The order before this court, however, is the trial court's order dismissing the claim because paragraph 17 of the parties' agreement required them to arbitrate their claims. The trial court's order does not contain any ruling pertaining to mediation.

[2]Apart from his belief that he had the option to pursue his claim in small claims court, the basis for Winslow's opposition to arbitration is unclear. *See* Robert G. Bone, *Party Rulemaking: Making Procedural Rules Through Party Choice*, 90 TEX. L. REV. 1329, 1366 (2012) ("while the evidence is mixed, there are empirical studies that show consumers fare reasonably well in some important types of consumer arbitration. Reputable organizations like the American Arbitration Association (AAA) have incentives to provide reasonably fair arbitration procedures in order to preserve a reputation for evenhandedness."); *see also* Sarah Rudolph Cole, *Of Babies and Bathwater: The Arbitration Fairness Act and the Supreme Court's Recent Arbitration Jurisprudence*, 48 Hous. L. Rev. 457, 473 (Fall 2011) ("in the vast majority of consumer arbitrations, consumers pay fewer fees than they would in court, obtain results faster than they would in court, and win greater relief than they would likely win in court"). Although Winslow makes reference to unconscionability in his briefing, we note that Winslow did not assert the affirmative defense of unconscionability or otherwise present argument to the trial court that the arbitration provision was unconscionable. *See Corbindale, L.P. v. Kotts Capital Holdings Ltd. P'ship*, 316 S.W.3d 191, 196 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (noting allegation that arbitration provision is unconscionable must be affirmatively pled or it is waived and cannot be considered for first time on appeal); *Parks v. Developers Sur. & Indem. Co.*, 302 S.W.3d 920, 923-24 (Tex. App.—Dallas 2010, no pet.) (same); *see also EZ Pawn Corp. v. Mancias*, 934 S.W.2d 87, 90 (Tex. 1996) ("there is nothing *per se* unconscionable about arbitration agreements").

[3]*See* Home Construction and Arbitration Rules and Mediation Procedures ARB-1(a) available at http://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004225&_afrLoop=430376365178628&_afrWindowMode=0&_afrWindowId=xxlyqohd0_1#%40%3F_afrWindowId%3Dxxlyqohd0_1%26_afrLoop%3D430376365178628%26doc%3DADRSTG_004225%26_afrWindowMode%3D0%26_adf.ctrl-state%3Dxxlyqohd0_57.

did not specifically refer to the Home Construction Arbitration Rules, the dispute between Winslow and D. R. Horton is governed under the AAA's Commercial Arbitration Rules and Mediation Procedures.[4]

With regard to the Consumer-Related Disputes Supplementary Procedures, the AAA has "the discretion to apply or not to apply the Supplementary Procedures and the parties will be able to bring any disputes concerning the application or non-application to the attention of the arbitrator."[5] If the arbitrator or the AAA decides to apply the Supplementary Procedures, "'[p]arties can still take their claims to a small claims court."[6] Therefore, before Winslow could proceed in small claims court under the Supplementary Procedures, either the arbitrator or the AAA must first decide that those procedures are applicable to Winslow's claim.

Finally, the Consumer Due Process Protocol is "a set of privately developed fairness standards used by the AAA in administering consumer arbitrations." Peter B. Rutledge &

---

[4]*See id*. (introductory note); see also Commercial Arbitration Rules and Mediation Procedures R-1 available at http://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004130&_afrLoop=430815005468032&_afrWindowMode=0&_afrWindowId=15a3ngv1yu_1#%40%3F_afrWindowId%3D15a3ngv1yu_1%26_afrLoop%3D430815005468032%26doc%3DADRSTG_004130%26_afrWindowMode%3D0%26_adf.ctrl-state%3D15a3ngv1yu_57 ("The parties shall be deemed to have made these rules a part of their arbitration agreement whenever they have provided for arbitration by the American Arbitration Association (hereinafter AAA) under its Commercial Arbitration Rules or for arbitration by the AAA of a domestic commercial dispute without specifying particular rules.")

[5]Commercial Arbitration Rules and Mediation Procedures R-1* available at: http://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004130&_afrLoop=430815005468032&_afrWindowMode=0&_afrWindowId=15a3ngv1yu_1#%40%3F_afrWindowId%3D15a3ngv1yu_1%26_afrLoop%3D430815005468032%26doc%3DADRSTG_004130%26_afrWindowMode%3D0%26_adf.ctrl-state%3D15a3ngv1yu_57; Consumer-Related Disputes Supplementary Procedures C-1(a) available at: http://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004127&_afrLoop=432717224408458&_afrWindowMode=0&_afrWindowId=12pqqsz5d5_50#%40%3F_afrWindowId%3D12pqqsz5d5_50%26_afrLoop%3D432717224408458%26doc%3DADRSTG_004127%26_afrWindowMode%3D0%26_adf.ctrl-state%3D12pqqsz5d5_106. Because the Supplementary Procedures apply to the "purchase of standardized, consumable goods or services," and the "product or service must be for personal or household use," the arbitrator or the AAA would also be required to determine whether the Supplementary Procedures are applicable to the purchase of a house. *See id*. at C-1(a); *see also* Amy J. Schmitz, *Legislating in the Light: Considering Empirical Data in Crafting Arbitration Reforms*, 15 HARV. NEGOT. L. REV. 115, 140 n.137 (Spring 2010) (noting residential construction cases are excluded from the Supplementary Procedures).

[6]Consumer-Related Disputes Supplementary Procedures C-1(d) available at: http://www.adr.org/aaa/faces/rules/searchrules/rulesdetail?doc=ADRSTG_004127&_afrLoop=432717224408458&_afrWindowMode=0&_afrWindowId=12pqqsz5d5_50#%40%3F_afrWindowId%3D12pqqsz5d5_50%26_afrLoop%3D432717224408458%26doc%3DADRSTG_004127%26_afrWindowMode%3D0%26_adf.ctrl-state%3D12pqqsz5d5_106.

Christopher R. Drahozal, *Contract and Choice*, 2013 B.Y.U. L. REV. 1, 31 (2013). Although these protocols are self-regulated and not mandatory, the AAA has been active in conducting protocol compliance review and refusing to administer cases that involve a protocol violation. Anjanette H. Raymond, *It Is Time the Law Begins to Protect Consumers from Significantly One-Sided Arbitration Clauses Within Contracts of Adhesion*, 91 NEB. L. REV. 666, 694 (2013). However, whether the AAA will "refuse to conduct arbitration" because the contract fails to comply with the protocols "is a determination that [must] be left to the arbitrator in the first instance." *Estep v. World Fin. Corp. of Ill.*, 735 F. Supp. 2d 1028, 1034 (C.D. Ill. 2010). "In the event that arbitration is denied based on failure to comply with the Consumer Due Process Protocol," it would appear that Winslow's claim "may be referred back to" the small claims court. *Id*. Therefore, similar to the Supplementary Procedures, the AAA must first deny an arbitration claim based on a contract's failure to comply with the Consumer Due Process Protocol before a party would be permitted to proceed in small claims court.

Because the AAA rules and protocols relied upon by Winslow to file his claim in small claims court are inapplicable or require the arbitrator or the AAA to first exercise discretion in determining the applicability of the rules or protocols, the trial court did not err in granting D. R. Horton's motion to dismiss. Accordingly, the trial court's order is affirmed.

Luz Elena D. Chapa, Justice