# NO. 12-18-00256-CV

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *FIRST AVENUE, INC., D/B/A HIGHLAND COMMERCIAL ROOFING CO., APPELLANT* | § | *APPEAL FROM THE 7TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *JKS-TYLER 1044, LLC, APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

First Avenue, Inc. d/b/a Highland Commercial Roofing Co. filed this interlocutory appeal following the trial court's denial of its motion to compel arbitration against JKS-Tyler 1044, LLC. In one issue, Highland argues that the trial court abused its discretion in denying the motion to compel arbitration. We affirm.

### BACKGROUND

JKS entered into a contract with Highland to install a water proof membrane over an existing roof on a commercial building it owned in Tyler, Texas. Pursuant to the contract, Highland warranted that the roof would be leak free for fifteen years. The contract also contained an arbitration agreement and a clause setting forth that the governing law for any disputes would be that of the state of California.

Within five years of its installation, the roof developed a leak. JKS contacted Highland and asked it to honor the warranty on the membrane. Highland refused, arguing that a third party hired to maintain climate control units on the roof (the HVAC contractor) improperly maintained the units, which caused the membrane to be damaged, resulting in the leak.

JKS initiated the arbitration process in California, but later filed the underlying lawsuit against Highland and others. Highland moved to compel arbitration, and JKS responded that the case should be tried in Smith County, Texas, pursuant to Section 1281.2(c) of the California Arbitration Act. The trial court denied Highland's motion to compel, and this interlocutory appeal followed.[1]

## DENIAL OF MOTION TO COMPEL ARBITRATION

In its sole issue, Highland argues that the trial court abused its discretion in denying its motion to compel arbitration because JKS failed to meet its burden of proof under Section 1281.2(c).

### Standard of Review

We review a trial court's order denying a motion to compel arbitration for abuse of discretion. *Henry v. Cash Biz, LP*, 551 S.W.3d 111, 115 (Tex. 2018); *In re Labatt Food Serv., L.P.*, 279 S.W.3d 640, 642–43 (Tex. 2009).[2] We defer to the trial court's factual determinations if they are supported by evidence but review its legal determinations de novo. *Henry*, 551 S.W.3d at 115. Whether the claims in dispute fall within the scope of a valid arbitration agreement and whether a party waived its right to arbitrate are questions of law, which are reviewed de novo. *Id.*; *Perry Homes v. Cull*, 258 S.W.3d 580, 598 & n.102 (Tex. 2008). Where, as in the instant case, the trial court did not make findings of fact or conclusions of law, we must uphold the trial court's decision if it is supported by any legal theory asserted. *See Shamrock Foods Co. v. Munn & Assocs. Ltd.*, 392 S.W.3d 839, 844 (Tex. App.–Texarkana 2013, no pet.).

### Governing Law

In applying a contractual choice-of-law provision, Texas courts apply the substantive law of the choice-of-law provision but apply Texas law to matters of remedy and procedure. *CMA-CGM (America), Inc. v. Empire Truck Lines, Inc.*, 416 S.W.3d 495, 507 (Tex. App.–Houston [1st Dist.] 2013, no pet.). Here, the parties agree that, as a result of the forum selection

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 171.098(a)(1) (West 2011); *Certain Underwriters at Lloyd's of London v. Celebrity, Inc.*, 988 S.W.2d 731, 732 (Tex. 1998).

[2] In applying a contractual choice-of-law provision, Texas courts apply the substantive law of the choice-of-law provision but apply Texas law to matters of remedy and procedure, such as standards of review. *See McAfee, Inc. v. Agilysys, Inc.*, 316 S.W.3d 820, 824 (Tex. App.–Dallas 2010, no pet.)

clause in their contract, California state law applies to the trial court's determination on Highland's motion to compel arbitration.

Section 1281.2 of the California Arbitration Act provides, in pertinent part, as follows:

> On petition of a party to an arbitration agreement alleging the existence of a written agreement to arbitrate a controversy and that a party to the agreement refuses to arbitrate that controversy, the court shall order the petitioner and the respondent to arbitrate the controversy if it determines that an agreement to arbitrate the controversy exists, unless it determines that:
>
> . . . .
>
> (c) A party to the arbitration agreement is also a party to a pending court action . . . with a third party, arising out of the same transaction or series of related transactions and there is a possibility of conflicting rulings on a common issue of law or fact. For purposes of this section, a pending court action or special proceeding includes an action or proceeding initiated by the party refusing to arbitrate after the petition to compel arbitration has been filed, but on or before the date of the hearing on the petition. [3]

CAL. CIV. PROC. CODE § 1281(c) (West, Westlaw through 2018 Reg. Sess.). Thus, JKS was required to prove that (1) it was a party to a pending court action with a third party, (2) the court action arose out of the same transaction or series of related transactions as the dispute upon which arbitration is sought, and (3) there is a possibility of conflicting rulings on a common issue of fact or law between the pending court action and the dispute, were it to proceed to arbitration. *See id.*

**Analysis**

At oral argument of this cause, Highland stated that the focus of our inquiry should be on the third element of Section 1281.2(c). We agree.

It is uncontested that this appeal arises from a pending court action involving JKS, Highland, and other third parties. Moreover, the underlying matter arises from the same transaction as the dispute on which Highland seeks to compel arbitration, i.e., the alleged failure of the roofing system. Indeed, in its motion to compel, Highland states that "[b]oth the California arbitration and [the underlying] lawsuit in Texas involve the alleged failure of the same roofing system" and, "[i]n both actions, . . . JKS seeks the same recovery for a variety of alleged contract and construction deficiencies under theories of negligence, breach of contract[,] and breach of warranty." *See **Merch v. PHH Mortg. Corp.***, No. 12-12-00261-CV, 2013 WL 5593493, at *2 (Tex. App.–Tyler Oct. 9, 2013, no pet.) (mem. op.) (assertions of fact, not pleaded in alternative,

---

[3] While JKS initiated arbitration proceedings, the record reflects that arbitration has not yet occurred.

in party's live pleadings of party regarded as formal judicial admissions, are conclusively established, are binding on party, and are "taken as true" by court). Highland further sets forth in its motion to compel that the underlying proceedings "involve the same project, the same alleged roofing defect, and the same damages as those set forth by JKS" in its arbitration demand against Highland. *See id.*

Thus, we consider whether JKS met its burden of proof regarding whether there is a possibility of conflicting rulings on a common issue of fact or law between the underlying action and the dispute, were it to proceed to arbitration. We first note that Highland stated in its motion to compel arbitration that "a ruling in [the underlying] litigation would have a critical impact on the matters subject to arbitration." *See id.* It is not difficult for us to divine a scenario in which the dispute between JKS and Highland proceeds to arbitration and the arbitrator determines that a third party, such as the HVAC contractor as Highland averred, is liable for the damage to the membrane. Continuing under this hypothetical situation, it is possible that the trial court, meanwhile, could determine that none of the third parties are liable for the damage to the membrane. Thus, we conclude that there is a possibility of conflicting rulings on a common issue of fact or law between the pending court action and the dispute subject to arbitration. *See* CAL. CIV. PROC. CODE § 1281.2(c).

Highland further argues that the trial court's order did not comport with one of the four appropriate rulings listed in Section 1281.2 when a court determines that the elements of Subsection (c) have been proven. We disagree. If the court determines that a party to the arbitration is also a party to litigation in a pending court action or special proceeding with a third party as set forth under subdivision (c), the court may refuse to enforce the arbitration agreement and may order the intervention or joinder of all parties in a single action. *See id.* § 1281.2. Here, in overruling Highland's motion to compel, the trial court refused to enforce the arbitration agreement. At oral argument of this matter, JKS's attorney represented to this court that all necessary parties have been joined in the underlying suit. Highland did not dispute this assertion. Thus, we conclude that the trial court's order complies with Section 1281.2

Based on the foregoing, we hold that the trial court did not abuse its discretion by overruling Highland's motion to compel. Highland's sole issue is overruled.

## DISPOSITION

Having overruled Highland's sole issue, we *affirm* the trial court's order.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered February 6, 2019.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**FEBRUARY 6, 2019**

**NO. 12-18-00256-CV**

**FIRST AVENUE, INC., D/B/A HIGHLAND COMMERCIAL ROOFING CO.,**
Appellant
V.
**JKS-TYLER 1044, LLC,**
Appellee

Appeal from the 7th District Court

of Smith County, Texas (Tr.Ct.No. 17-2116-A)

THIS CAUSE came to be heard on the oral arguments, appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the trial court's order.

It is therefore ORDERED, ADJUDGED and DECREED that the order of the court below **be in all things affirmed**, and that all costs of this appeal are hereby adjudged against the Appellant, **FIRST AVENUE, INC., D/B/A HIGHLAND COMMERCIAL ROOFING CO.,** for which execution may issue, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*